## NATHAN M. HATCH *vs.* NEIL KENNY.

Suffolk. Nov. 13, 1885. — Feb. 25, 1886. DEVENS & GARDNER, JJ., absent.

Goods which had been sold and delivered to A. were attached by B. on a writ against A.'s vendor. A. brought a writ of replevin therefor, and C., the officer who served the writ, took the goods into his possession, and placed a keeper over them. On the same day when the replevin bond was approved, B. forcibly took the goods from the keeper's possession. C., in A.'s presence, demanded the goods of B., who refused to give them up, saying "They were forced from me; I have forced them back, and am going to keep them." The next day A. brought an action against B. for the conversion of the goods, in which the jury returned a verdict for the plaintiff. A bill of exceptions alleged by the defendant did not show whether his refusal to give up the goods was before or after the approval of the replevin bond. *Held*, that the bill of exceptions did not show that the jury might not properly have found that the bond was approved before the defendant's refusal to give up the goods; and that the action could be maintained without a new demand by the plaintiff.

TORT for the conversion of certain personal property. Writ dated February 11, 1875. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that the goods alleged to have been converted were, before the acts of conversion complained of, the property of one Wesley P. Bean, at that time a tenant at will of the defendant in a building owned by the defendant; that the goods were in said tenement; that Bean was owing for rent of said building, and the defendant sued him therefor and attached said goods, the writ being served by one Andrews; that, previously to said attachment, the goods had been sold and delivered by Bean to the plaintiff; that the plaintiff, after the attachment of the goods by Andrews, brought a writ of replevin therefor, returnable to this court, dated February 9, 1875, against Andrews; that said writ of replevin was served by one Farr, a constable, who took the goods out of the hands of Andrews and into his own possession, and placed a keeper over the same; and that said replevin writ was entered at April term, 1875, and the bond hereinafter mentioned filed, and on January 7, 1876, judgment therein was entered for the plaintiff for the sum of one dollar damages and costs. The return on the replevin writ, dated February 9, 1875, set forth, in substance, that the constable

replevied from Andrews the property in question; that the parties agreed to its value; that, Andrews not approving the sureties on the replevin bond, or waiving notice, he put in a keeper until notice could be given and the bond approved; that he gave the defendant due notice of the hearing in the matter of said sureties; that on February 10, 1875, the replevin bond, duly executed, was approved by a master in chancery; that on said February 10, before delivery of the property to the plaintiff in replevin, said keeper was ejected from possession; that afterwards, on the same day, the constable demanded the property of the defendant, who held the same, and who refused to deliver it up; and that, on March 22, 1875, he summoned the defendant in replevin to appear. It further appeared in evidence, that, on February 10, 1875, the defendant took the goods from the keeper forcibly, and had them locked up in said store. The plaintiff testified as follows: "After the keeper was put out, I visited the store with Farr and Guilford, the keeper. Farr demanded the goods, and the defendant refused to give them up. I gave the bond in the replevin suit." Guilford testified as follows: "On being put out, I notified Farr, and he came up with the plaintiff; Farr said to the defendant, 'Will you give up the goods?' He replied, 'They were forced from me; I have forced them back, and am going to keep them.'"

The defendant asked the judge to rule that, upon the foregoing evidence, this action could not be maintained; but the judge declined so to rule. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. F. Donnelly*, for the defendant.

*G. H. Towle*, for the plaintiff.

C. ALLEN, J. This case turns on a very narrow question. Relying on the general proposition, that, in order to maintain an action of tort for the conversion of property, the plaintiff must have a right of immediate possession, the defendant contends that the plaintiff, though having a good title, had not a right to the immediate possession at the time of the alleged conversion, because at that time the officer, Farr, had the exclusive right of possession under the writ of replevin in favor of the plaintiff. Without seeking for other answers to this ground of contention, there are two things to be noted.

1.   The replevin bond was approved on the same day when the defendant forcibly took the goods and refused to give them up; but whether before or after such refusal does not appear. It is conceded that the plaintiff's right of immediate possession would accrue upon the approval of the bond. It does not appear by the bill of exceptions that the precise point now relied on by the defendant was brought to the attention of the presiding judge. It would seem probable, if it had been, that the testimony would have been more specific, or would have been reported more in detail. However this may be, the defendant is the excepting party, and his bill of exceptions does not show that the jury might not properly have found that the bond was approved before the defendant's refusal to give up the goods. If they so found, the defendant's argument fails.

2. The plaintiff's action for the conversion was not brought until the day after the events above referred to. At that time, he clearly had a right to the immediate possession ; and the only other question was whether the jury would be warranted in finding a conversion for which the plaintiff could sue. There was evidence tending to show that, on the day when the bond was approved, one day before the present action was brought, the officer who was serving the writ of replevin demanded the goods of the defendant, in the plaintiff's presence, and that the defendant replied : " They were forced from me; I have forced them back, and am going to keep them." The defendant was aware of the relation of the plaintiff to the property, and of his suit in replevin. This evidence would warrant the jury in finding a conversion by the defendant at that time, for which the plaintiff might sue as soon as he should become entitled to the immediate possession of the property. The case on this point falls precisely within the principle of *Delano* v. *Curtis*, 7 Allen, 470, 475, and *Pattison* v. *Robinson*, 5 M. & S. 105. A conversion may be shown, under such circumstances, by a refusal to deliver to a person who, at the time of the refusal, had a right to make a demand ; and a new demand was not necessary, as the jury might well assume that the defendant meant to refuse to deliver the goods either to the officer or to the plaintiff.

The judge properly declined to rule that the action could not be maintained.                    *Exceptions overruled.*